# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3780

_____

Michael D. Mayo; Sharron Mayo;    *
Roy Frederick Walters; Kip Dudley    *
Richards; David M. Skeens; J.    *
Michael Vaughan; Garrett Mark    *
Hodes; Walters, Bender,    *
Strohbehn & Vaughan, P.C.,    *
   *
     Appellants,    *
   *   Appeal from the United States
   v.    *   District Court for the
   *   Western District of Missouri.
GMAC Mortgage; UBS Real Estate    *
Securities, Inc.; Mastr Specialized    *   [UNPUBLISHED]
Loan Trust 2007-01; Deutsche Bank    *
National Trust Company; Residential    *
Funding Company,    *
   *
     Appellees.    *

_____

Submitted: March 1, 2012
Filed: March 9, 2012

_____

Before WOLLMAN, MURPHY and BYE, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, plaintiff Michael Mayo, his wife Sharron Mayo (a former plaintiff), and his counsel appeal the district court's order enjoining them from

participating in a state-court class action against GMAC Mortgage, LLC (GMACM) and Residential Funding Company (RFC). In 2008, the Mayos filed a putative class action in state court, which was removed to federal court based on diversity jurisdiction under the Class Action Fairness Act. That action remains pending in federal district court. The district court dismissed all claims against GMACM and RFC in 2011, but later reversed that decision and reinstated them as defendants. Prior to GMACM's and RFC's reinstatement, Michael Mayo and others filed an action against them in state court, based in part on claims that had been dismissed in the federal action. GMACM and RFC consented to suit in state court, and have not sought to remove the state action to federal court. In the state action, the parties are seeking approval of a settlement agreement. In the pending federal lawsuit, defendants UBS Real Estate Securities, Inc., and Deutsche Bank National Trust Company asked the district court to enjoin Michael Mayo's participation in the state action. The district court concluded an injunction was expressly authorized by 28 U.S.C. § 1446(d), which provides that, after removal, "the State court shall proceed no further unless and until the case is remanded."

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The three exceptions are narrow, and any doubts as to the propriety of an injunction "should be resolved in favor of permitting the state courts to proceed." See Smith v. Bayer Corp., 131 S. Ct. 2368, 2375 (2011) (internal quotations omitted). We review de novo the district court's determination that section 2283 permits the injunction, and we review the district court's decision whether to grant injunctive relief for an abuse of discretion. See In re SDDS, Inc., 97 F.3d 1030, 1037, 1040 (8th Cir. 1996).

We conclude that the injunction was improper. Although section 1446 directs a "state court to stay the case that was actually removed, it has been interpreted to

authorize courts to enjoin later filed state cases that were filed for the purpose of subverting federal removal jurisdiction." See Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1069 (8th Cir. 1996). The district court, however, did not find that Mayo initiated the later-filed state action to subvert the court's removal jurisdiction, and we conclude that such a finding would not have been warranted: the state-court proceeding involves additional parties and claims, and GMACM and RFC have elected to submit to state-court jurisdiction, which is concurrent, rather than remove the state action to federal court. Cf. id. at 1070-71 (affirming injunction of later-filed state-court action; upholding district court's findings that new suit was attempt to subvert removal of earlier case, that new suit was substantially identical to old, and that plaintiff had tried to carve up one case into separate cases, which led to subversion of right to remove). We also disagree with the district court's reasoning that an injunction could issue on the ground that a settlement in the state action might prevent adjudication of Mayo's claims against GMACM and RFC in the federal action. See Nat'l Basketball Ass'n v. Minn. Prof'l Basketball, Ltd. P'Ship, 56 F.3d 866, 872 (8th Cir. 1995) (concern that state court might pronounce judgment first and leave district court with little to decide was consequence of nation's dual system of independent state and federal courts, not legal justification for staying state-court proceedings).

The injunction is vacated.

_____

-3-